Caruthers, J.,
delivered the opinion of the Court.
This agreed case, between the clerk of the County Court of Henry, on the part of the State, and the defendants, who are merchants in that county, raises the question of the liability of a merchant to pay a tax for selling things manufactured in -this State.
The statute is, that “salt, sugar, coffee, spun cotton, garden seeds, iron, and articles manufactured in this State, may be sold without paying a tax; but these articles are not exempt in the hands of any person who sets himself up as a merchant or grocer.” Code, § 545.
The Constitution provides that “no article manufactured of the produce of this State shall be taxed, otherwise than to pay inspection fees.” Article 2, § 80.
*462 But in section 28 of the same article, it is provided that “the Legislature shall have power to tax merchants, pedlars, and privileges, in .-such manner as they may from time to time direct.”
In- the exercise of this power, the Legislature at one time taxed the merchant a specific sum for the privilege of selling merchandise, without regard to the extent of hi's business.; but afterwards the more just and equitable mode was adopted, to graduate the amount of the fax by the quantity of goods sold. And the question made in this case is, whether, in this estimate of sales ■made by them, iron, castings, spun cotton, and other firings manufactured in this State, must be included, and in that way enhance the amount of the tax to be paid .by them. This involves the construction of the sections of the Constitution above cited.
The power .to tax merchants in such manner as they may think proper, is expressly given in section 28; and they have “directed” that the “manner” shall be to settle .the amount to be paúl by the extent of their business, or the quantity of goods, wares, and merchandise sold in .each year, including things made or produced in this State. Is this prohibited by section 30 ? We think not. This is not a tax upon the article, but the occupation of the merchant. There would have been no question if the old mode of taxing the occupation of the merchant a gross sum had been continued. But what difference can it make ? The change is only as to the “manner” of settling the amount to be paid for' the privilege. It is not the article which is taxed, but the occupation or privilege.
The Legislature may tax a man’s land, slaves, plate, *463 jewelry, stocks, and almost every other kind of property, but not his flour, tobacco, cotton, iron, &c., “otherwise than to pay inspection fees,” when there are laws requiring or allowing inspection of such products, as was once, if not now, the case, in this State, as to tobacco, flour, and other articles to be exported. This exemption was intended to encourage domestic manufactures, and stimulate production. It is a wise prohibition. The Legislature, in this case, have not attempted to violate or evade it. They have not only refrained from taxing such articles, but saved the producer or manufacturer from any tax for the privilege of selling them. But when the reason of that protection fails, and they become articles of merchandise and profit in the hands of a merchant by occupation, they direct that reference shall be had to them as well as foreign articles in estimating the amount to be paid for exercising the occupation or privilege of a merchant. There would be a great absurdity in any other construction. If a merchant got his iron or cotton yarns on one side of the State line, they -would be taken into the account, but if in sight, on his own side, they would not be, according to the doctrine contended for.
But it is enough to say that we think the Legislature were not prohibited by the Constitution from providing that, in ascertaining the amount of tax to be paid by “ merchants ” for the exercise of their privilege, the articles in quest'-on should be included; that not being a tax upon the article in the sense of the Constitution, (sec. 30,) but upon the occupation, under sec. 28.
The judgment will be reversed, and entered hero according to this opinion on the agreed case.